2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JORGE FLORES, ET AL | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CASE NO.   01-CV-00057 |
| v. | § | |
| | § | |
| U.S. CUSTOMS SERVICE, | § | |
| | § | |
| Defendant | § | |
| | § | |

## DEFENDANT'S MOTION TO DISMISS
## AND MOTION FOR MORE DEFINITE STATEMENT

The Defendant, the Secretary, Department of the Treasury, by and through the undersigned Assistant United States Attorney, respectfully moves this Court to enter an order dismissing this action, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The arguments in support of this Motion are as follows:

### INTRODUCTION

This is a Title VII: race discrimination action. Plaintiffs, Hispanic and Non-Hispanic employees of the United States Customs Service ("the Customs Service"), filed this action complaining that the Customs Service has discriminated against them on the basis of their race, and the race of their spouses, Hispanic. This action should be dismissed because this Court does not have subject matter jurisdiction and because Plaintiffs have failed to state a claim upon which relief can be granted.

## CLAIM ALLEGED

Plaintiff's Original Complaint loosely alleges a violation of Title VII, the Fifth Amendment to the United States Constitution and various unspecified Texas state laws.

## PROCEDURAL HISTORY

This action was filed on March 4, 2001, in the District Court of Cameron County, Texas, and removed to this Honorable Court by the Defendant..

## MOTION TO DISMISS STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of an action when there is a "lack of jurisdiction over the subject matter." Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."

In reviewing a 12(b)(6) motion, "a court must accept as true the factual allegations in the complaint and view them in the light most favorable to plaintiff." Groom v. Fickes, 966 F.Supp. 1466, 1472 (S.D. Tex. 1997), *aff'd.* 129 F.3d 606 (5th Cir. 1997). The Court must determine whether the allegations set forth are sufficient to withstand dismissal. Grisham v. United States, 103 F. 3d 24, 25 (5th Cir. 1997). "[T]he Complaint must state specific facts, not simply legal and constitutional conclusions in order to survive a motion to dismiss." Id. A court may grant a Rule 12 (b)(6) motion only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations, or if "...there is simply no legal theory entitling plaintiff to relief." Kansa Reinsurance Co., Ltd v. Congressional Mortg. Corp. of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994); Groom, 966 F.Supp. at 1472, citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Moreover, as a precondition to filing a Title VII action, Title VII mandates that the federal employee exhaust his administrative remedies. Randel v. United States Department of the Navy,

157 F.3d 392 (5th Cir. 1998) (*citing* Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 1965, 48 L.Ed.2nd 402 (1976). The federal employee must seek relief from the federal agency which he claims was discriminatory, and he must file his complaint in a timely manner. Id.; Tolbert v. United States, 916 F.2d 245, 247 (5th Cir. 1990). If the employee fails to do either, then the District Court is deprived of subject matter jurisdiction. Id.

## ARGUMENT AND ANALYSIS

### A.  Plaintiffs Have Failed to Exhaust Their Administrative Remedies

A federal employee must pursue and exhaust his administrative remedies as a jurisdictional prerequisite to filing a Title VII action. See 42 U.S.C. § 2000e-5(f)(1); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999), citing Brown v. General Services Administration, 425 U.S. 820, 832-33, 96, S.Ct. 1961, 1967-68, 48 L.Ed.2d. 402 (1976). Exhaustion of administrative remedies is necessary to allow the agency a full opportunity to resolve a claimant's claim:

> [T]he purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer.

Wade v. Secretary of the Army, 796 F.2d 1369, 1377 (11th Cir. 1986).

As must an individual plaintiff, a class of plaintiffs alleging discrimination under Title VII must exhaust their administrative remedies before filing an action in United States District Court. Gulley v. Orr, 905 F.2d 1383 (10th Cir. 1990). Before 1977, there was no administrative procedure specifically designed to address class action lawsuits where the plaintiffs alleged discrimination. Id. at 1384. Prior to 1977, if a named plaintiff exhausted his or her administrative remedies, this was deemed sufficient to enable the class to file suit in federal court without the entire class exhausting its administrative remedies. Id. In response to judicial criticism, in 1977, the Civil Service Commission promulgated specific class administrative procedures and remedies. Id., see also, 29

C.F.R. §§ 1613.601-.643; 29 C.F.R. §§ 1614.204, *et seq.* These specific class administrative procedure created a detailed scheme which is markedly different from the administrative scheme for individual complainants. Id. The overwhelming authorities on this issue have held that exhaustion of the administrative remedies by an individual plaintiff is *insufficient* to satisfy the class administrative requirements. Id. at 1385, (citations ommitted).

In this action, there are no allegations contained in the Complaint that the plaintiffs or the named plaintiff, has completed, or even begun, the administrative process created for class complainants. Instead, the named plaintiff alleges that he has completed the administrative process for himself, and that other (unnamed) members of the class have completed the adminsitrative process for themselves, but nowhere in the Complaint do the plaintiffs allege that they have followed the class administrative procedures created in 1977. See Complaint, at p. 3-4. It is well settled that Courts have no jurisdiction to consider Title VII claims to which the aggrieved party has not exhausted their administrative remedies. National Association of Government Employees v. City Public Service Board of San Antonio, 40 F.3d 698, 711 (5th Cir. 1994), citing, Tolbert v. United States, 916 F.2d 245, 247-48 (5th Cir. 1990).

**B.    Plaintiffs Have Not Sued the Proper Defendant Under Title VII**

In a suit to recover for employment discrimination under Title VII by a federal employee, the only proper defendant is the head of the agency in which the alleged discriminatory acts occurred. 42 U.S.C. § 2000e-16(c); Hackley v. Roudebush, 502 F. 2d 108, 115, n. 17, (D.C. Cir. 1975). Plaintiffs' Title VII claims against the United States Customs Service therefore, must be dismissed.

C. **Title VII is the Exclusive Remedy for Employment Discrimination**

Title VII provides the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. General Services Administration, 425 U.S. 820, 829 (1976); Pfau v. Reed, 125 F. 3d 927, 932 (5th Cir. 1997) (citations omitted).

In Brown, the Supreme Court addressed the issue of whether Congress intended that the Civil Rights of Act of 1964, as amended, to provide the exclusive judicial remedy for claims of discrimination in federal employment. Justice Stewart, writing for the Court, stated:

> The legislative history...leaves little doubt that Congress was persuaded that federal employees who were treated discriminatorily had no effective judicial remedy...This unambiguous perception seems to indicate that the congressional intent in 1972 was to create an exclusive, pre-emptive administrative scheme for the redress of federal employment discrimination.

Brown, 425 U.S. at 828-829. The Fifth Circuit Court of Appeals has interpreted the mandate of the Supreme Court to mean that when a federal employee relies upon the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is "not sufficiently distinct to avoid" preemption. Pfau, 125 F. 3d at 932.

Because Title VII is the exclusive remedy available to federal employees seeking to remedy employment discrimination, Plaintiffs cannot bring an action under "the laws of the State of Texas"[1] relying upon the same set of facts which support their Title VII claim. Accordingly, any state law claims which are preempted by Title VII should be dismissed with prejudice.

---

[1] Page Two of the Complaint contains the following sentence: "This case generally involves rights under the laws of the State of Texas, 42 U.S.C. §2000e., et seq., and the Constitution of the United States of America." While it is unclear upon which specific "laws of the State of Texas" Plaintiffs rely, in an abundance of caution, the Defendant moves to dismiss those state laws which are preempted by Title VII.

D.  **Plaintiff Flores Has Failed to State a Claim Upon Which Relief Can be Granted**

To allege a *prima facie* case of Title VII race discrimination, a plaintiff must allege that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was not promoted: and (4) either the position was filled by someone not in the protected class, or the person was not promoted because of his race. Rutherford v. Harris County, Texas, 197 F.3d 173, 179 (5th Cir. 1999); Shackelford v. Deloitte & Touche, 190 F.3d 398, 404 (5th Cir. 1999). see also, 42 U.S.C. § 2000-e2(a)(1). While the Complaint loosely alleges acts which may be discriminatory, Plaintiff Flores does not specifically allege facts to support each of the above elements of a *prima facie* case of race discrimination. Accordingly, the Complaint should be dismissed as to Plaintiff Flores for failing to state a claim.

E.  **Motion for More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a pleading.

At Page Four of the Complaint, Plaintiffs complain that "the class has been denied equal application of the laws in violation of the Fifth Amendment to the United States Constitution. In this regard Plaintiff says that this class has been subjected to discrimination based upon race." Complaint, at p. 4, ¶ VII. It is unclear to the Defendant upon which facts Plaintiffs rely in support of their constitutional claim, and whether the facts upon which they rely are the same facts which support their Title VII claims. As stated above, Title VII is the exclusive remedy for federal employees to remedy discrimination. Thus, in the absence of facts which are distinct from the alleged acts of discrimination, Plaintiffs' Fifth Amendment claim must be dismissed. In addition,

Rule 8 (e)(1) of the Federal Rules of Civil Procedure requires that allegations be "simple, concise, and direct." In the alternative, Defendant moves the Court to enter an order requiring Plaintiffs to state with specificity, allegations which support of their Fifth Amendment claim.

## CONCLUSION

In light of the foregoing, the Defendant, respectfully requests that this Court enter an Order granting the relief requested and all such further relief as this Court deems necessary and just.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: _____
VERNON L. LEWIS
Assistant United States Attorney
Attorney in Charge
Texas Bar Number: 12308800
910 Travis, Suite 1500
P. O. Box 61129
Houston, Texas 77208
Phone: (713) 567-9605
Fax: (713) 718-3303

OF COUNSEL:

Ms. Caroline Blessey
Office of the Associate Chief Counsel
US Customs Service
2323 South Sheperd Drive, Suite 1246
Houston, Texas 77019

## CERTIFICATE OF SERVICE

I, Vernon L. Lewis, do hereby certify that a true and correct copy of the foregoing pleading was sent via facsimile and first class mail, on the 10th day of May, 2001, to the following:

Mr. Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
Fax: (956) 544-0562

_____
VERNON L. LEWIS
ASSISTANT UNITED STATES ATTORNEY