5



| | | |
|---|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF TEXAS<br>BROWNSVILLE DIVISION | | |
| Jorge Flores, et al., | § | |
| Plaintiffs, | § § § | |
| v. | § | CIVIL ACTION NO. B-01-057 |
| U.S. Customs Service, | § § § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on August 20, 2001, the Court considered the Defendant's Motion to Dismiss and Motion for More Definite Statement [Dkt. No. 3].

I.  **Introduction**

The Defendant United States Customs Service ("Customs") removed this case based on 28 U.S.C. §§ 1442 (removal permitted by federal agency) and 1331 (federal question jurisdiction) based on the Plaintiff Jorge Flores' state court petition for claims arising under Title VII of the 1964 Civil Rights Act.

Mr. Flores complains of race discrimination by Customs against Hispanic Customs employees or Customs employees with Hispanic spouses. Examples of this alleged discriminatory behavior include promoting Hispanic Customs employees less frequently and to lower positions than non-Hispanic employees, and discriminating against Hispanic employees in the distribution of transfers and overtime work. Mr. Flores, on behalf of himself and a putative plaintiff class, seeks monetary compensation and equitable relief.

As far as can be ascertained by the pleadings, Mr. Flores filed his complaint with the Equal Employment Opportunity Commission ("EEOC"). He claims that more than 180 days have passed since the EEOC charges were filed and no determination whether to prosecute has been forthcoming.

Customs filed its motion to dismiss, arguing that (1) the putative class plaintiffs have failed to exhaust their administrative remedies; (2) Customs is an improper defendant; (3) Title VII is the exclusive remedy for any state claims brought by Mr. Flores; and (4) Mr. Flores has failed to allege a prima facie case of race discrimination. In addition, Customs seeks a Court order requiring Mr. Flores to make a more definite statement regarding his Fifth Amendment claims. The Court will address each of these in turn.

## II. Motion to dismiss standard

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist.[1] See General Star Indemnity, Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). See also 5 C. WRIGHT & C. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (2d ed.1990). In other words, the complaint must simply provide the opposing party with fair notice of the plaintiff's claim and the grounds upon which it is based. See Conley, 355 U.S. at 47. The Supreme Court has stated, and the Fifth Circuit has repeatedly cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would

---

[1] "A complaint need not outline all the elements of a claim. It must be possible, however, for an inference to be drawn that these elements exist." Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5thn Cir. 1990). However, the plaintiff cannot supplement the complaint with factual allegations contained outside the four corners of the pleadings in order to establish the elements of his or her claim. See McCartney v. First City Bank, 970 F.2d 45, 47 (1992).

2

entitle him to relief." Walker v. South Bell Central, 904 F.2d 275, 276 (5th Cir. 1990) (citing Conley, 355 U.S. at 45-46). See also Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000); Tuchman, 14 F.3d at 1067; Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). Ambiguities or doubts regarding the sufficiency of the claim must be resolved in favor of the plaintiff in order "to do substantial justice." Fed R. Civ. Pr. 8(f). See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

While the law disfavors motions to dismiss for failure to state a claim, there are of course situations in which a complaint should and must be dismissed. See Mahone, 836 F.2d at 926; Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986). The Court cannot allow a complaint to survive if it only alleges legal conclusions, or is devoid of any factual allegations. See Fernandez-Montes, 987 F.2d at 284; Walker, 904 F.2d at 277. In addition, if the face of the complaint demonstrates that the plaintiff's claim is barred by an affirmative defense, or if no reasonable inference can be made on an element, the plaintiff cannot proceed. See Blackburn v. City of Marshall, Tex., 42 F.3d 925, 931 (5th Cir. 1995).

II. **The putative class does not have to exhaust administrative remedies**

Customs claims that a class of plaintiffs alleging discrimination under Title VII must exhaust their administrative remedies before filing an action in federal court. To this end, Customs has cited a Tenth Circuit case which in turn refers to 29 C.F.R. § 1613 et seq., sections which purportedly outline a procedurally detailed scheme for a class to bring suit under Title VII.[2]

However, the sections of the Code of Federal Regulations cited by Customs have been rendered obsolete since August 1995. See Rules and Regulations: Equal

---

[2] Initially, the Court notes for both Parties that citations must be to binding and controlling precedent, i.e., to Fifth Circuit caselaw, and in the absence of such precedent, analogous and persuasive caselaw.

3

Employment Opportunity Commission, 60 FR 43371.  Therefore, the Court hereby **DENIES** Customs' motion to dismiss Plaintiff's claims for failure to demonstrate that the putative class exhausted their administrative remedies under 29 C.F.R. § 1613.

### III.     Customs has been improperly named as the defendant in this action

In a civil suit to recover for employment discrimination under Title VII by a federal employee, the proper defendant is the head of the department, agency or unit in which the allegedly discriminatory acts occurred.  42 U.S.C. § 2000e-16(c); see Reynolds v. Rubin, 1998 WL 203646, *1 (N.D. Tex.), citing Newbold v. United States Postal Serv., 614 F.2d 46, 47 (5th Cir.1980) (per curiam) (holding that Title VII claim could not be brought against postal union and postal service equal employment opportunity officer because neither was head of department, agency, or unit within meaning of § 2000e-16(c)).  Thus, Customs has been improperly named in this action.  However, the Court will allow Mr. Flores to amend his pleadings to properly name the head of Customs as the defendant in this action.

### IV.     Title VII is not necessarily the exclusive remedy for claims brought by Mr. Flores

Customs also contends that Title VII is the exclusive remedy available to Mr. Flores for his allegations of discrimination based on race.  In support of this position, Customs relies upon Brown v. General Servs. Amin., 425 U.S. 820, 829 (1976) in which the Supreme Court noted that it was Congress' intent that Title VII would be the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination ."  Later, the Fifth Circuit Court of Appeals interpreted this language to mean that when a plaintiff relies upon the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is "not sufficiently distinct to avoid" preemption.  See Pfau v. Reed, 125 F.3d 927, 933 (5th Cir.1997), vacated on other grounds, 525 U.S. 801, 119 S.Ct. 32, 142 L.Ed.2d 24 (1998), reinstated in pertinent part, 167 F.3d 228, 229 (5th Cir.1999), cert. denied, 528 U.S. 813, 120 S.Ct.

4

49, 145 L.Ed.2d 43 (1999); see also Harris v. United States Postal Service, 2000 WL 1520998, *4 (E.D.La.). The Fifth Circuit in Pfau concluded that a claim of emotional distress was preempted because the same facts may establish the state law emotional distress claim and the Title VII claim.

Mr. Flores has not cited any specific cause of action under Texas state law. Nevertheless, the Court will not peremptorily dismiss any state law causes of action without applying the appropriate analysis as set out under Pfau, that is, whether any state law cause of action would be sufficiently distinct to avoid preemption. Therefore, the Court hereby **DENIES** Customs' motion to dismiss in this regard, and allows Mr. Flores, to the extent any state law causes of action are not preempted, to amend his complaint to include specific state law causes of action.

**VI.    Mr. Flores has alleged facts which would infer the existence of a cause of action under Title VII**

A prima facie case for Title VII race discrimination is established once the plaintiff has proved that he (1) is a member of a protected class; (2) was qualified for his position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999), citing Ward v. Bechtel Corp., 102 F.3d 199, 202 (5th Cir.1997).

Mr. Flores alleges facts that would permit reasonable inferences to be drawn that these elements exist. For example, it is possible to infer that (1) Mr. Flores is an Hispanic Customs employee; (2) he was qualified for his position; (3) he was subject to adverse employment action, such as being discriminated against for overtime work; and (3) a non-Hispanic Customs employee was given preferential treatment for overtime work over him. Therefore, the Court hereby **DENIES** Customs' motion to dismiss his claims.

5

### VII. Plaintiff must state with more specificity his Fifth Amendment claims

Customs seeks a Court order requiring Mr. Flores to make a more definite statement regarding his Fifth Amendment claims. In his petition, Mr. Flores makes a basic allegation that the "class has been subjected to discrimination based upon race," but it is unclear upon which facts Mr. Flores relies in support of his Fifth Amendment claim, or whether the facts upon which he relies are the same facts which allegedly support his Title VII claims. Therefore, the Court hereby **GRANTS** Customs' motion for a more definite statement, and **ORDERS** Mr. Flores to amend his complaint to state a "simple, concise, and direct" pleading of his Fifth Amendment claims. Fed. R. Civ. P. 8(e)(1).

### V. Conclusion

In sum, the Court:

(1) **DENIED** Customs' motion to dismiss based on alleged deficiencies in bringing a putative class action pursuant to 29 C.F.R. § 1613;

(2) **DENIED** Customs' motion to dismiss based on his alleged failure to state a prima facie case of racial discrimination;

(3) **GRANTED** Customs' motion for more definite statement and **ORDERED** Mr. Flores to state with more specificity his Fifth Amendment claims in an amended pleading; and

(4) allowed Mr. Flores to further amend his pleadings to:

    (A) name as the proper defendant in this action the head of the United States Customs Service; and

    (B) set forth specific state causes of action, if any, that are not preempted by Title VII under which he allegedly is entitled to recovery.

This amended pleading should be filed no later than 5:00 p.m. on Friday, August 31, 2001. The named defendant may then bring any renewed motions to dismiss by 5:00 p.m. on Friday, September 14, 2001. As a reminder, initial pre-trial conference for this

matter is scheduled for Monday, September 24, 2001 at 1:30 p.m.

DONE at Brownsville, Texas, this 17th day of August 2001.

Hilda G. Tagle
United States District Judge