7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 2 9 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **JORGE FLORES, ET AL** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO.   01-CV-00057** |
| **v.** | § | |
| | § | |
| **U.S. CUSTOMS SERVICE,** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

## DEFENDANT'S MOTION TO RECONSIDER DEFENDANT'S
## MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

The Defendant, the Secretary of the Department of the Treasury, by and  through the undersigned Assistant United States Attorney, respectfully moves this Court for reconsideration of Defendant's Motion to Dismiss and Motion for More Definite Statement (D. E. # 3), pursuant to Rules the Federal Rules of Civil Procedure.  The arguments in support of this Motion are as follows:

### PROCEDURAL HISTORY

This action was filed on March 4, 2001, in the District Court of Cameron County, Texas, and removed to this Honorable Court by the Defendant (D. E. # 1).

On May 25, 2001, Defendant filed its Motion to Dismiss and Motion for More Definite Statement (D. E. # 3).  Defendant's  Motion to Dismiss and Motion for More Definite Statement (D. E. # 3) was unopposed.

By Order dated August 17, 2001 (D. E. # 5), this Court denied the Motion to Dismiss and granted the Motion for More Definite Statement.

## ISSUE

Whether this Honorable Court lacks subject matter jurisdiction because the putative class has not exhausted its administrative remedies as required by Title VII?

## ARGUMENT

### A.   This Honorable Court Lacks Subject Matter Jurisdiction

The August 17, 2001 Order Denying Defendant's Motion to Dismiss, at Page 3 states that the putative class does not have to exhaust its administrative remedies.  The Defendant respectfully believes that this ruling is contrary to current law and, respectfully, should be reconsidered.

> Title VII grants an aggrieved federal employee the right to file suit in federal district court[1], but before bringing suit, an employee must exhaust his administrative remedies against his federal employer. **If a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's Title VII claim.**

(*Emphasis Added*).   Fitzgerald v. Secretary, United States Department of Veteran's Affairs; 121 F.3d 203, 206 (5th Cir. 1997).  Exhaustion of administrative remedies, is an absolute prerequisite to bringing suit under Title VII.  Porter v. Adams, 639 F.2d 273, 276 (5th Cir. 1981).  *See also*, 42 U.S.C. 2000e-16.  Stated differently, "[a]s a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies." Randel v. United States Department of the Navy, 157 F.3d 392, 394 (5th Cir. 1998). *See also*, Barnes v. Levitt, 118 F.3d 404, 407 (5th Cir. 1997) ("The filing of an administrative complaint is a jurisdictional prerequisite to a Title VII action").  The precedence established by the Fifth Circuit Court of Appeals is clear and unequivocal:   a Title VII plaintiff must exhaust his or her

---

[1]   *See*, 42 U.S.C. § 2000e-16(c).

administrative remedies prior to bringing suit in District Court, and absent this exhaustion, the District Court lacks subject matter jurisdiction to hear the claim.

As with an individual federal employee who believes that he or she has been aggrieved, there exists a regulatory scheme for a class of aggrieved employees for the filing and processing of an administrative complaint. *See* 29 C.F.R. § 1614.204 (2001). Pursuant to 29 C.F.R. § 1614.204 (a)(1), a class is defined as a group of employees, former employees or applicants for employment who, it is alleged, have been or are being adversely affected by an agency personnel management policy or practice that discriminates against the group on the basis of their race, color, religion, sex, national origin, age or handicap. A class complaint is defined as a written complaint of discrimination filed on behalf of a class by the agent of the class alleging three specific class characteristics. *See* 29 C.F.R. § 1614.204 (a)(2)(i)-(iii).

The Complaint in this action fails to allege that an administrative class, as defined by 29 C.F.R. § 1614.204 (a)(1), filed an administrative complaint, in accordance with 29 C.F.R. § 1614.204. At Paragraph VI of the Complaint, the named plaintiff merely alleges that **he** has exhausted his administrative remedies as required by Title VII. *See* Complaint, at Page 4, Paragraph VI. Plaintiff's naked allegation that **he** has exhausted his administrative remedies, without more, is insufficient to invoke this Court's jurisdiction to hear a class action dispute. The class claims which plaintiff seeks to present in this action have never been presented to the Defendant through the required administrative process. Without the specific allegation that a class complaint was filed and processed in accordance with 29 C.F.R. § 1614.204, the class of plaintiffs the named plaintiff purportedly represents cannot be heard by this Court, through this Complaint. Accordingly, the

Defendant respectfully urges the Court to dismiss the Title VII claims brought on behalf of the putative class.

## CONCLUSION

In light of the foregoing, the Defendant, respectfully requests that this Court enter an Order granting the relief requested and all such further relief as this Court deems necessary and just.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: _____

VERNON L. LEWIS
Assistant United States Attorney
Attorney in Charge
Texas Bar Number: 12308800
910 Travis, Suite 1500
P. O. Box 61129
Houston, Texas 77208
Phone: (713) 567-9605
Fax: (713) 718-3303

OF COUNSEL:

Ms. Caroline Blessey
Office of the Associate Chief Counsel
US Customs Service
2323 South Sheperd Drive, Suite 1246
Houston, Texas 77019

# CERTIFICATE OF SERVICE

I, Vernon L. Lewis, do hereby certify that a true and correct copy of the foregoing pleading

was sent via facsimile and first class mail, on the 28th day of August, 2001, to the following:

Mr. Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
Fax: (956) 544-0562

VERNON L. LEWIS
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JORGE FLORES, ET AL** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO.    01-CV-00057** |
| **v.** | § | |
| | § | |
| **U.S. CUSTOMS SERVICE,** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Upon consideration of Defendant's Motion to Dismiss, the pleadings, and the applicable law, the Court finds that the Motion is meritorious and should be granted. It is therefore

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

Signed in Brownsville, Texas on the _____ day of _____, 2001.

_____

UNITED STATES DISTRICT JUDGE