8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 3 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Jorge Flores, et al. § | |
| Plaintiffs, § | |
| § | |
| VS § | CIVIL ACTION NO. B-01-057 |
| § | |
| Charles Winwood, Acting Commissioner, § | |
| United States Customs Service § | |
| Defendant. § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

1. <u>Jurisdiction</u>. This Court has jurisdiction over this removed case pursuant to 28 U.S.C.§1442 (federal agency removal) and 28 U.S.C.§ 1331 (federal question-Title VII, 1964 Civil Rights Act).

2. <u>Proposed Class Action</u>. Plaintiff Flores is an Hispanic, U.S. Customs employee who has worked in the Southwest border region of Texas for most of his career. He alleges that he has been subjected to racial discrimination throughout his career and, that as a result of an EEOC complaint he earlier filed, that Plaintiff was punitively transferred to the state of Virginia. More than 180 days passed in the EEOC complaint proceedings without resolution of Plaintiff's claims and Plaintiff therefore filed this lawsuit. As a result of this federal lawsuit, Plaintiff's EEOC case has been dismissed.

Plaintiff says that the class he seeks to represent, to wit, customs employees along the Texas/Mexico Border (some of whom are listed in Exhibit A hereto) are sufficiently numerous that joinder of their claims would be impractical, that common questions of fact and law exist, that Plaintiff's claims are typical to the claims of the class, and that Plaintiff



will fairly and adequately protect the interests of the class.

Plaintiff further says that there is a risk that if members of the class pursued individual lawsuits, that inconsistent or varying adjudications would establish incompatible standards of conduct for the party opposing the class member, and further, the party opposing the class has acted or refused to act on grounds generally applicable to the class.

3. Factual Allegations.

Plaintiff is a member of a group of United States Customs employees, past and present, who are, or were, assigned to the district which encompasses ports of entry along the United States/Mexican border between Brownsville and Laredo. Plaintiff Flores, as a Customs employee, has suffered racial discrimination perpetrated by the United States Customs Service for many years. Much of such discrimination has been effected by James M. Wilder, Robert Trotter, Samuel Banks, and David P. Higgerson, all non-Hispanic U.S. Customs supervisors. As a long time Customs employee Plaintiff has experienced racial discrimination directed against Hispanics who have been employed by Customs or against Customs employees married to Hispanics in this Southern Texas border region. Plaintiff Flores' claims are typical of this group of Customs employees.

Historically Hispanic U.S. Customs employees and those employees married to Hispanics in the hereinabove described Southern Texas administrative region have suffered discrimination based on race in the following manner: Hispanic Customs employees or those employees with Hispanic spouses have been promoted less often and to lower positions when promoted than have their non-Hispanic co-workers. Hispanic Customs workers have been subjected to more frequent disciplinary actions and have been punished more severely

than non-Hispanics in similar circumstances. Plaintiff would show, for example, that while non-Hispanic Customs employees who pursued a border runner in the Northeast United States were given glowing commendations and celebrity status, local Hispanic employees who performed a similar, conscientious act of Customs' enforcement were instead disciplined for their similarly conscientious enforcement acts. Plaintiff would further show that Hispanic Customs employees have been discriminated against because of their race in transfers and in overtime availability. Further, Plaintiff says that Hispanics have been singled out by Defendant U.S. Customs and libeled and slandered by said entity in knowingly or recklessly false reports generated by said Defendant claiming that border Customs inspectors who are Hispanic and who have roots in the border area, are especially dishonest and prone to corruption. Plaintiffs further say that in the McAllen, Texas area, senior inspectors, recently appointed (in an apparent attempt to try to defuse this litigation) are nonetheless being discriminated against by relegating such "promoted" individuals to a status depriving them of the experience which will be required for subsequent promotions.

Plaintiff says that as a result of the hereinabove described racial discrimination that all Hispanic Customs employees, and those with Hispanic spouses in the above described administrative region, have suffered significant economic losses, to wit: lost income in the form of lower wages and lost overtime opportunities, lost pension benefits, incidental and unreimbursed relocation expenses, as well as mental anguish relating to the stigma of not being promoted, of being unfairly subjected to disciplinary hearings and to resultant unequal punishment, and of being characterized as inherently less honest than non-Hispanic Customs employees. A list of Customs employees who are specifically known to have been affected

by Defendant's wrongful conduct and who are in agreement with the certification of this class is set forth in Exhibit A.

Plaintiff further says that with respect to administrative remedies provided by Title VII, that Defendant has also discriminated against Hispanics by willfully delaying Title VII cases brought by Hispanics through bad faith delay tactics and by intentionally destroying administrative records so as to impair the ability of all Hispanic Customs employees, everywhere, to effectively exhaust EEOC remedies. As a result of said wrongful conduct, which in one case has caused a seven year delay in addressing Hispanic Customs' employees' EEOC complaints, Plaintiff and others similarly situated are effectively without an administrative remedy. See, generally, *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938). In that regard Plaintiff would show that with respect to some of this class of Customs employees, and with respect to particular employees like Plaintiff Flores, that more than 180 days have passed since EEOC charges were filed and that the Attorney General of the United States has not filed any civil case thereto, nor has any party entered into any conciliation agreement to which Plaintiff Flores is a party, and that, accordingly, the named Plaintiff has exhausted his administrative remedies as required by Title VII. Plaintiff says, generally, that all conditions precedent to the filing of this suit have been met.

4. Causes of Action. Plaintiff says that he and others in his putative class, in the particulars set out hereinabove, have been the subject of racial discrimination in violation of 42 U.S.C. § 2000e, et seq. It is Plaintiff's belief that a reasonable view of relevant federal jurisprudence is, with respect to federal employees, that Title VII, to some degree, does preempt some federal and state statutory causes of action as well as state common law causes of action for

federal employment discrimination. However, it is to be observed that the 1991 amendments to Title VII presented a clear opportunity to expressly provide for preemption, but that Congress did not elect to do so. Accordingly, Plaintiff, believes that there are existing, recognized non Title VII federal employee rights (*e.g.*, under 42 U.S.C. § 1981 – including the right of non-exhaustion of Title VII administrative remedies– see, for example, *Walker v. Thompson,* 214 F. 3d 615 (5th Cir. 2000) and *Young v. Sabbatine*, 238 F. 3d 426 (6th Cir. 2000) and, further, that there may be some as yet undefined procedural or substantive rights including some under Texas state law which are not preempted by Title VII. Accordingly, Plaintiff says that the herein referenced racially discriminatory acts violate 42 U.S.C. § 1981. Additionally, since Congress cannot amend the United States Constitution by a simple statutory process, Plaintiff believes a constitutional tort (for example the equal treatment right alleged by Plaintiff to have been violated by U.S. Customs and which is a right contained in the Fifth Amendment's due process clause – *i.e. a Bivens* cause of action) survives Title VII with respect to federal employment racial discrimination cases. Accordingly, Plaintiff wishes to preserve any such Fifth Amendment rights to the extent such rights would be greater, substantively or procedurally, than Title VII rights, and, accordingly pleads here the the discriminatory acts set out hereinabove consitute a Fifth Amendment violation. In accordance with the Court's order of August 17, 2001, however, Plaintiff now pleads that all factual grounds advanced by Plaintiff as violations of Title VII are acknowledged by Plaintiff to be the same factual grounds known by Plaintiff to be the basis of Plaintiff's 42 U.S.C. §1981, Fifth Amendment, and state causes of action. Plaintiff does not now, however, assert state causes of action.

**Plaintiffs' First Amended Complaint** 5

5. <u>Exhaustion of Remedies By Putative Class Members.</u>  Plaintiff would further show that under EEOC rules and under case law, that where a named class representative is entitled to sue in federal court under Title VII, such person may represent a class of persons who have not themselves exhausted administrative remedies.  See, for example, 60 FR 43371; *Eastlane v. TVA*, 553 F.2d 364 (5th Cir. 1977), cert denied 434 U.S. 985 (1977); *Sylvester v. United States Postal Service*, 393 F. Supp. 1334 (S.D. Texas 1975), aff'd 595 F.2d 1219 (5th Cir. 1979); and *Alexander v. Fulton County, Ga.*, 207 F. 3d 1303, 1333 (11th Cir. 2000). Plaintiff would further show that no person who has not exhausted Title VII administrative remedies seeks to be a named class representative.  See *Rowe v. Bailar*, 26 FEP 1145 (D.D.C. 1979). Further, all in this class, as was the case with Plaintiff Flores, would be unlikely to timely receive intended Title VII administrative benefits (see *Myers*, above). In such circumstances Plaintiff says that the court would apparently have the authority (as would the parties themselves) to waive exhaustion were such waiver needed to sustain the case in federal court. See *Francis v. City of New York*, 235 F. 3d 763, 768-69 (2nd Cir. 2000).

6. <u>Relief Sought.</u>  Plaintiff seeks economic damages for lost wages and benefits, mental anguish damages, punitive damages, attorneys fees, court costs, pre and post judgment interest, appropriate equitable relief to remedy past discrimination, and such other and further relief to which Plaintiff may justly be entitled.

7. <u>Judgment Demand.</u>  Plaintiff demands that judgment be entered for the relief requested herein.

Respectfully Submitted,

_____
DENIS A. DOWNEY
Bar No. 06085500
Federal No. 1186
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561 / 956-544-0562 (FAX)

ATTORNEY IN CHARGE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent this **30**[th] day of **August, 2001**, via the U.S. Mail, first class, postage prepaid, to the following:

Vernon L. Lewis,
Assistant United States Attorney
U.S. DEPARTMENT OF JUSTICE
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129

_____
Denis A. Downey

Plaintiffs' First Amended Complaint                                                7

# EXHIBIT A

| | | | | | |
|---|---|---|---|---|---|
| 1. | Guillermo Acuña | 42. | Gustavo Garcia | 83. | Leonel Rios, Jr. |
| 2. | Noe Alcala | 43. | Hector Garcia | 84. | Francisco Rivera |
| 3. | Graciano Araguz, Jr. | 44. | John Michael Garcia | 85. | Cecilia Rodriguez |
| 4. | Aaron A. Argullin | 45. | Sabrina A. Garcia | 86. | Israel Rodriguez |
| 5. | Anastacio Armijo, II | 46. | Laura Garza | 87. | Rolando R. Rodriguez |
| 6. | David Atkinson | 47. | Richard Garza | 88. | Eutimio Ruedas |
| 7. | Carlos T. Atkinson | 48. | Rigoberto Garza | 89. | Mike Ruedas |
| 8. | Mirta C. Balderston | 49. | Martin Gomez | 90. | Glen Salas |
| 9. | Roel Balli | 50. | Robert Gonzalez | 91. | Rolando Salinas |
| 10. | Francisco Barrera | 51. | Urban Gonzalez | 92. | Downey Sanchez |
| 11. | Sylvia Bennett | 52. | Carlos Guajardo | 93. | Gilberto Sanchez |
| 12. | George Bennett, Jr. | 53. | David Guerra | 94. | Roberto Santillan |
| 13. | Anacleto Botello | 54. | Baldemar Hernandez | 95. | Guillermo Serrata, Jr. |
| 14. | Leo Buentello | 55. | Carlos Hernandez | 96. | David Solis |
| 15. | Byron Cagle | 56. | Carlos J. Hernandez | 97. | Ramiro Soliz |
| 16. | Romeo G. Canales, Jr. | 57. | Alfredo Ibanez | 98. | William Stewart |
| 17. | Domingo Cantu, III | 58. | Richard Krause | 99. | Domingo Tamez, Jr. |
| 18. | Homero Cardenas | 59. | Irma Leal | 100. | Luz A. Tellez |
| 19. | Armando Casares | 60. | Luciano B. Leal | 101. | Jose J. Treviño |
| 20. | Marco A. Castillo | 61. | Hector Liendo | 102. | Ruben Vargas |
| 21. | Richard A. Castillo | 62. | Antonio Lopez | 103. | Andres Vega |
| 22. | Carlos Alberto Castro | 63. | Antonio Lopez, III | 104. | Benito S. Villa |
| 23. | Manuel Cerda, Jr. | 64. | Roel Mancha | 105. | Johnny Whiting |
| 24. | Edith Clarke | 65. | Keith Martin | 106. | David L. Young |
| 25. | Brenda Cordova | 66. | Federico Martinez, Jr. | 107. | Leonel Zamora |
| 26. | Ricardo Cortez | 67. | Lizandro Martinez, Jr. | | |
| 27. | Ismael Cruz | 68. | Juana P. Melendez | | |
| 28. | John S. Deck | 69. | Margot Moczygemba | | |
| 29. | Olga A. DeLuna | 70. | Raul Montero | | |
| 30. | Hiram R. Dorado | 71. | Alberto Z. Morales | | |
| 31. | Jose Escañuela | 72. | Ricardo Muñoz | | |
| 32. | Daniel Espinoza | 73. | Jose G. Ochoa | | |
| 33. | Jaime Estrada | 74. | Eduardo J. Olivarez | | |
| 34. | Antonio Flores | 75. | David Peña | | |
| 35. | Benjamin Flores | 76. | Rick D. Perez | | |
| 36. | Victor Flores | 77. | Carlos A. Pulido | | |
| 37. | Jorge R. Frias | 78. | Ricardo Ramirez | | |
| 38. | Alfonso Z. Garcia | 79. | Cipriano Ramon | | |
| 39. | Baldemar Garcia | 80. | Norberto C. Rangel | | |
| 40. | Celso Garcia | 81. | Ronaldo Reyes | | |
| 41. | Daniel Garcia | 82. | Benito Reyes, Jr. | | |