UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 1 2001

Michael N. Milby
Clerk of Court

12

| | | |
|---|---|---|
| **JORGE FLORES, ET AL** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CASE NO. 01-CV-00057 |
| v. | § | |
| | § | |
| **PAUL O'NEILL,** | § | |
| **SECRETARY OF THE TREASURY** | § | |
| Defendant | § | |
| | § | |

## JOINT DISCOVERY / CASE MANAGEMENT PLAN

Plaintiffs, Jorge Flores, et al. and Defendant, Paul O'Neill, Secretary of the Treasury, file their Joint Case Management Plan and would respectfully show as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The parties held a conversation on September 20, 2001, concerning Rule 26(f) matters via telephone between Counsel of Record, Dennis Downey, for the Plaintiff and Vernon L. Lewis for the Defendant.

2. List the cases related tho this one that are pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   The Defendant asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, and jurisdiction under 28 U.S.C. § 1442 because the Defendant is a federal agency.

4. Name the parties who disagree and the reasons.

   Not applicable.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    Neither the Plaintiff nor the Defendant anticipates adding any other parties at this time.

6.  List anticipated interventions.

    Plaintiff and Defendant do not anticipate any intervention.

7.  Describe class action issues.

    Plaintiff alleges class action allegations in his Amended Complaint. The Defendant denies the class action allegations and has filed a motion to dismiss the Amended Complaint.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Both parties agree that a substantial amount of material has been disclosed through prior EEO administrative proceedings. Both parties agree to check their records and supplement if necessary.

9.  Describe the proposed agreed discovery plan including:

    A.  Responses to all the matters raised in Rule 26(f)

    The parties have discussed all issues of this case and will continue to do so.

    B.  When and to whom the plaintiff anticipates he may send interrogatories?

    Plaintiff anticipates sending interrogatories by October 31, 2001.

    C.  When and to whom the defendant anticipates it may send interrogatories.

    Defendant anticipates sending interrogatories by November 15, 2001.

    D.  Of whom and by when the plaintiff anticipates taking oral depositions.

    Plaintiff anticipates taking the depositions of the Defendant's corporate representative and other witnesses which may be revealed through disclosures and discovery. Plaintiff anticipates taking these depositions around November 30, 2001.

    E.  Of whom and by when the defendant anticipates taking oral depositions.

    Defendant anticipates taking the deposition of the Plaintiffs by December 15, 2001.

    F.    List dates for designating experts and providing expert reports.

Plaintiff anticipates designating its experts by November 1, 2001.

Defendant anticipates designating its experts by December 15, 2001.

    G.    List expert depositions the defendant anticipates taking and their anticipated completion date.

Plaintiff anticipates taking the depositions of Defendant's experts by no later than December 31, 2001.

Defendant anticipates taking the deposition of Plaintiff's experts by no later than February 1, 2002.

10. If the parties are not in agreement on a part of the discovery plan, describe the separate views and proposals of each party.

At this point, the parties are not in disagreement with the discovery plan.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

12. State the date the planned discovery can be reasonably be completed.

Plaintiff and Defendant anticipates completing discovery by February 28, 2002.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

The parties agree to discuss settlement as this case is litigated and to attend mediation if possible.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

Both parties agree to discuss settlement possibilities as the case progresses.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

  Plaintiff and Defendant believe that mediation may be suitable.

16.  Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

  The parties may be agreeable to trial before a magistrate judge at a later date.

17.  State whether a jury demand has been made and if it was made on time.

  A jury demand was made in the Original Complaint.

18.  Specify the number of hours it will take to present the evidence in this case.

  At this time, the Plaintiff anticipates that it will take 4-5 days to present evidence.

19.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.

  Defendant's Motion to Reconsider Oder Denying Defendant's Motion to Dismiss; and Defendant's Motion to Dismiss the Amended Complaint.

20.  List other motions pending.

  None.

21.  Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

  The Court should address how discovery is to be conducted with respect to the class action plaintiffs.

22.  List the names, bar numbers, addresses, and telephone numbers of all counsel.

| | |
|---|---|
| Mr. Denis A. Downey | Vernon E. Lewis |
| 1185 F.M. 802, Suite 3 | Assistant U.S. Attorney |
| Brownsville, Texas 78526-1538 | Attorney for Defendant |
| Fax: (956) 544-0562 | 910 Rusk Street, Suite #1500 |
| Texas State Bar No. 06085500 | Houston, Texas 77002 |
| Federal No. 1186 | Tele: (713) 567-9605 |
| | Fax: (713) 718-3389 |
| | TBN 12308800 |
| | FBN 15882 |

_[signature]_
by permission
_____
Counsel for Plaintiff

9/20/01
_____
Date

_[signature]_
_____
Counsel for Defendant

9/20/01
_____
Date

ClibPDF - www.fastio.com