IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 5 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| Jorge Flores, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. B-01-057 |
| § | |
| U.S. Customs Service, § | |
| § | |
| Defendant. § | |

## ORDER

BE IT REMEMBERED that on October 12, 2001, the Court considered the Defendant's Motion to Accept Defendant's Motion to Reconsider Defendant's Motion to Dismiss and Motion for More Definite Statement as Timely Filed [Dkt. No. 6], Defendant's Motion to Reconsider Defendant's Motion to Dismiss and Motion for More Definite Statement (hereinafter "Motion to Reconsider") [Dkt. No. 7], Plaintiffs' First Amended Complaint [Dkt. No. 8], and Defendant's Motion to Dismiss the Amended Complaint [Dkt. No. 9]. For the reasons set out below, the Court, after reconsideration, hereby **GRANTS** Defendant's Motion to Dismiss.

I.   Introduction

Flores, a United States Customs Service ("Customs") employee, complains of racial discrimination by Customs against Hispanic Customs employees or Customs employees with Hispanic spouses. Examples of this alleged discriminatory behavior include promoting Hispanic Customs employees less frequently and to lower positions than non-Hispanic employees, and discriminating against Hispanic employees in the distribution of transfers and overtime work.

As far as can be ascertained by the pleadings, Flores originally filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in an individual capacity, complaining of racial discrimination. He alleges that 180 days passed after the EEOC

charges were filed and that no determination whether to prosecute has been forthcoming from the Attorney General of the United States. Thereafter, Flores, on behalf of himself and a putative plaintiff class, brought suit against Customs in State District Court, Cameron County, Texas [Dkt. No. 1]. Plaintiffs' Original Petition specifically sought relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16a ("Title VII"), the United States Constitution, as well as the laws of the State of Texas. Customs removed this case based on 28 U.S.C. §§ 1442 (removal permitted by federal agency) and 1331 (federal question jurisdiction) based on Flores' state court petition for claims arising under Title VII.

After removal, Customs filed its Motion to Dismiss, arguing that (1) the putative class plaintiffs had failed to exhaust their administrative remedies; (2) Customs was an improper defendant; (3) Title VII is the exclusive remedy for any state claims brought by Flores; and (4) Flores failed to allege a prima facie case of race discrimination. In addition, Customs also sought a Court order requiring Flores to make a more definite statement regarding his Fifth Amendment claims. The Court, in its Order dated August 17, 2001 [Dkt. No. 5], denied Customs' motion to dismiss based on alleged deficiencies in bringing a putative class action pursuant to 29 C.F.R. § 1613; denied Customs' motion to dismiss based on Flores' alleged failure to state a prima facie case of racial discrimination; granted Customs' motion for more definite statement and ordered Flores to state with more specificity his Fifth Amendment claims in an amended pleading. The Court also allowed Flores to further amend his pleadings to name as the proper defendant in this action the head of the United States Customs Service; and set forth specific state causes of action, if any, that were not preempted by Title VII under which he allegedly is entitled to recovery.

Thereafter, Customs filed Defendant's Motion to Accept Defendant's Motion to Reconsider Defendant's Motion to Dismiss and Motion for More Definite Statement as Timely Filed [Dkt. No. 6] and Defendant's Motion to Reconsider [Dkt. No. 7]. Flores filed Plaintiffs' First Amended Complaint [Dkt. No. 8], and in response, Customs filed Defendant's Motion to Dismiss the Amended Complaint [Dkt. No. 9].

## II. Defendant's Motion to Accept Defendant's Motion to Reconsider Defendant's Motion to Dismiss and Motion for More Definite Statement as Timely Filed

The Court entered its Order, which, *inter alia*, denied Customs' Motion to Dismiss on August 17, 2001. Customs then filed both its Motion to Accept Defendant's Motion to Reconsider Defendant's Motion to Dismiss and Motion for More Definite Statement as Timely Filed [Dkt. No. 6], as well as its Motion to Reconsider [Dkt No. 7] on August 29, 2001. Under Fed. R. Civ. P. 6(a), governing computation of time, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

Excluding the weekend days, Customs satisfies the timing requirement and the Court therefore **GRANTS** Customs' Motion to Accept Defendant's Motion to Reconsider Defendant's Motion to Dismiss and Motion for More Definite Statement as Timely Filed and the Court treats Customs' request to reconsider the Court's order as a Rule 59(e) motion to "alter or amend the judgment." See Pryor v. United States Postal Service, 769 F.2d 281, 285 (5th Cir.1985).

## III. Motion to Reconsider

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider in *haec verba*. See Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167,173 (5th Cir.1990) abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir.1994) (en banc ); Pryor, 769 F.2d at 285. Nevertheless, the Fifth Circuit has held that a motion for reconsideration may be classified under either Rule 59 or Rule 60, depending upon the time of filing. See id. If it is filed within ten days of entry of judgment, it is considered under Rule 59(e); if filed after, then under Rule 60(b).

A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law;

-3-

(2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law.  See Fields v. Pool Offshore, 1998 WL 43217, *2 (E.D.La. Feb. 3, 1998), aff'd, 182 F.3d 353 (5th Cir.1999). Once a motion for reconsideration is filed, the Court must satisfy itself "that the prior ruling is correct and that valuable judicial and party resources will not be wasted on an unnecessary trial." American Stone Diamond, Inc. v. Lloyds of London, 934 F.Supp. 839, 841 (S.D. Tex. 1996).  A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly.  See Fields, 1998 WL 43217 at *2.  However, a district court has considerable discretion to grant or deny a motion under Rule 59.  See Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1052 (5th Cir. 1996); Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir.1993); Lavespere, 910 F.2d at 173.

In the Order dated August 20, 2001 [Dkt. No. 5], the Court rejected Customs' claim that the putative class plaintiffs were required to exhaust their administrative remedies before filing suit and had failed to do so.  The Court considered Gulley v. Orr, 905 F.2d 1383 (10th Cir. 1990), cited by Customs as supporting this proposition. Gulley refers to 29 C.F.R. §§ 1613 et seq., sections which purportedly outline a procedurally detailed scheme for a class to bring suit under Title VII.  The Court found, however, that the sections of the Code of Federal Regulations cited by Customs had been rendered obsolete since August 1995.  See Rules and Regulations: Equal Employment Opportunity Commission, 60 FR 43371.  The Court therefore denied Customs' motion to dismiss Plaintiffs' claims for failure to demonstrate that the putative class exhausted their administrative remedies under 29 C.F.R. § 1613.

In the instant action, Customs satisfies the Rule 59(e) motion requirement by claiming that the motion is necessary to correct a manifest error of fact or law.  See Fields, 1998 WL 43217, at *2.  Essentially, in its Motion to Reconsider [Dkt. No. 7], Customs argues that the Court committed manifest error when it dismissed its claim that putative class plaintiffs failed to exhaust their administrative remedies because the Court found the administrative scheme for class actions cited in Gulley to be obsolete.

Upon reconsideration, the Court agrees. It was error to deny the Motion to Dismiss on the basis that the administrative remedies under 29 C.F.R. § 1613 cited in Gulley were obsolete. In its Motion to Reconsider, Customs correctly points this Court to the current procedures set forth in 29 C.F.R. § 1614.204, Class Complaints, which govern EEOC administrative class complaints by federal employees.[1] The Court therefore **GRANTS** Customs' Motion to Reconsider and next turns to the basis for the Motion to Dismiss.

### IV. Motion to Dismiss Reconsidered

Customs makes two arguments supporting dismissal: (1) that plaintiffs must exhaust administrative remedies before filing suit in federal court (and that other than the named Plaintiff there is no evidence to suggest that the other putative class members have done so); and (2) that there is a detailed scheme for a class to file and bring an administrative complaint, as well as to bring suit under Title VII, and that the Plaintiffs have failed to demonstrate that they have followed these procedures. The Court will consider each of these claims in turn.[2]

It is well settled that government employees must exhaust all administrative remedies before filing a discrimination complaint against their employer. Munoz v. Aldridge, 894 F.2d 1489, 1492-93 (5th Cir.1990); see also Fitzgerald v. Secretary, United States Department of Veterans Affairs, 121 F.3d 203, 206 (5th Cir 1997); Porter v. Adams, 639 F.2d 273 (5th Cir. 1981). In the present case, Flores claims that he has exhausted his administrative claims as required by Title VII, but does not claim that any of the other named putative class members have exhausted their administrative remedies. Flores does generally allege that Customs has discriminated against

---

[1] The Court notes that Customs did cite to 29 C.F.R. § 1614.204 as well as 29 C.F.R. § 1613 and the Gulley case in its Motion to Dismiss [Dkt. No. 3 at 4].

[2] For purposes of reconsideration, the Court adopts the standard for motions to dismiss articulated in its August 17, 2001 Order [Dkt. No. 5].

Hispanics through "bad faith delay tactics and by intentionally destroying administrative records so as to impair the ability of all Hispanic Customs employees, everywhere, to effectively exhaust EEOC remedies" [Dkt. No. 1, Ex. "A" at 3], but Flores does not specifically allege that he, or any of the other named putative class members, have been subject to delay tactics or had records destroyed.

When government employees seek class action remedies, they must follow the procedures set forth in 29 C.F.R. § 1614.204. The EEOC has established an administrative procedure for processing discrimination complaints which includes a detailed method for pursuing claims of class-wide discrimination. 29 C.F.R. § 1614.204. Under 29 C.F.R. § 1614.204 (b), an employee who wishes to file a class complaint must first seek counseling and be counseled and then, when it becomes apparent that there are class implications to the claim raised in an individual complaint, the employee may move for administrative class certification.[3]

The administrative complaint must also include allegations of numerosity, commonality, typicality, and representativeness which parallel the requirements in Fed. R. Civ. P. 23(a). See 29 C.F.R. § 1614.204 (a)(2). The administrative complaint must set out specifically the facts on which the class seeks relief. 29 C.F.R. § 1614.204 (c). The class representatives must await either a final agency decision or a 180-day lapse without decision before commencing their suit in a federal district court. 29 C.F.R. § 1614.310 (i).

Here, Flores claims that he has exhausted his administrative remedies as required by Title VII, but there are no facts to suggest that the other Plaintiffs have sought an administrative remedy, much less exhausted their administrative remedies. Nor is there any indication that any of the Plaintiffs have pursued a class administrative

---

[3] 29 C.F.R. § 1614.204 (b) Pre-complaint processing. An employee or applicant who wishes to file a class complaint must seek counseling and be counseled in accordance with §§ 1614.105. A complainant may move for class certification at any reasonable point in the process when it becomes apparent that there are class implications to the claim raised in an individual complaint. If a complainant moves for class certification after completing the counseling process contained in §§ 1614.105, no additional counseling is required. The administrative judge shall deny class certification when the complainant has unduly delayed in moving for certification.

remedy pursuant to 29 C.F.R. § 1614.204. As Defendant correctly notes, at least one other circuit has held that exhaustion of individual administrative remedies is insufficient to commence a class action in federal court. Gulley v. Orr, 905 F.2d 1383, 1385 (10th Cir.1990). Further, nowhere in 29 C.F.R. § 1614.204 is there any suggestion that exhausting an individual complaint through the administrative process gives the complainant a right to carry an unadjudicated class count into federal court. See Lewis v. Smith, 731 F.2d 1535, 1540 (11th Cir.1984). In fact, in Gulley, the court held that "exhaustion of individual remedies is insufficient to commence a class action in federal court . . . one of the named plaintiffs must have exhausted class administrative remedies." 905 F.2d at 1385. Further, Plaintiffs' general and unsupported allegations that Hispanics are impaired from filing EEOC claims, without more, is insufficient to support this Court waiving the requirement that Plaintiffs' exhaust their administrative remedies as a basis for federal subject matter jurisdiction. Therefore, the Court finds no sufficient reason to bypass the administrative process governing class complaints by federal employees.

Even if Flores were able to represent a class that had failed to pursue and exhaust a class administrative complaint based on his own exhaustion of administrative remedies, this Court would still grant the motion to dismiss as Flores generally alleges ethnic discrimination, but does not do more than make conclusory statements regarding the specific class action requirements of Rule 23(a).[4] See General Telephone Co. v. Falco, 457 U.S. 147, 156 (1982); Donninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1309 (9th Cir. 1977); Blackie v. Barrack, 524 F.2d 891, 901, n.17 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976). Because the Court finds sufficient justification to grant the Motion to Dismiss on other grounds, it will not address the deficiencies in Plaintiffs' class action claims in detail.

---

[4] As this Order specifically addresses Customs' Motion to Reconsider its original Motion to Dismiss, Plaintiffs' First Amended Complaint [Dkt. No. 8] is not specifically under consideration. The Court notes that the Amended Complaint does not resolve these issues and that Customs' Motion to Dismiss the Amended Complaint [Dkt. No. 9] argues forcefully that Flores' management position and individual claims separate him from the rest of the putative class, causing him to fail the commonality and typicality requirements of Rule 23(a).

Accordingly, the Court finds that as regards the class action the Motion to Dismiss should be **GRANTED**. Plaintiff, however, has apparently exhausted his individual administrative remedies provided for under Title VII and therefore may pursue his claims in federal court in an individual capacity. The Court further finds that this case is appropriate for mediation and therefore **ORDERS** this case to mediation before Magistrate Judge Felix Recio in accordance with this Court's Local Rule 16.4, governing Alternative Dispute Resolution, and 28 U.S.C. § 652 (1998).

## V. Conclusion

Accordingly, the Court hereby

**GRANTS** Defendant's Motion to Accept Defendant's Motion to Reconsider Defendant's Motion to Dismiss and Motion for More Definite Statement as Timely Filed;

**GRANTS** the Defendant's Motion to Dismiss in accordance with this Order; and

**MOOTS** all other motions before this Court in this matter.

The Court further

**ORDERS** the parties to submit to mediation before Magistrate Judge Felix Recio in accordance with this Court's Local Rule 16.4, governing Alternative Dispute Resolution, and 28 U.S.C. § 652 (1998).

DONE at Brownsville, Texas, this 12th day of October 2001.

Hilda G. Tagle
United States District Judge